IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 04-cv-02631-WYD

CARRIE BUZBY,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a/k/a MET LIFE; and
INTERNATIONAL BUSINESS MACHINES CORPORATION, a/k/a IBM,

    Defendants.

---

**ORDER**

---

This is a case arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). By Order of July 21, 2008, I issued a Final Order on Review of Administrative Record, wherein I remanded the case to the claims administrator to make further findings consistent with the Order. I found in the Order that the claims administrator had not properly considered all th evidence and that the administrator did not adequately explain the grounds for its decision.

On August 1, 2008, Plaintiff filed a Stipulated Motion for Reconsideration and/or Relief from Order Pursuant to Rule 60(b)(6). Plaintiff asserted in the motion that the United States Supreme Court had recently issued a decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (June 19, 2008) that the parties believed impacted the way that district courts must review and decide ERISA cases. Plaintiff further asserted that both parties wanted to submit short simultaneous briefs on the impact of *Glenn* which may require the Court to alter or modify the judgment.

On August 19, 2008, I issued an Order on Plaintiff's Stipulated Motion for Reconsideration and/or Relief from Order Pursuant to Rule 60(b)(6). While I stated therein that the *Glenn* case should have been submitted to the Court by the parties as supplemental authority before my Final Order was issued in the case, I granted the motion to the extent it sought to allow the parties to file short, simultaneous briefs on the impact of *Glenn*. I deferred a substantive ruling on Plaintiff's motion until after the briefing was completed by the parties.

On August 29, 2008, both parties filed their briefs in connection with the Stipulated Motion for Reconsideration and/or Relief from Order Pursuant to Rule 60(b)(6). The parties disagree in the briefs as to how *Glenn* impacted my Final Order in this case. Plaintiff opposes the remand to the claim administrator, arguing that there was no substantial basis in the record justifying the denial of benefits. She argues that *Glenn* not only has changed the manner of the review process, but also has striking parallels to this case. Defendants argue, on the other hand, that although they joined in the motion to brief *Glenn*, they do not believe that *Glenn* requires any change in the Court's final decision.

Turning to my analysis, in *Glenn*, the Supreme Court clarified the test for when an employer is operating under a conflict of interest. It first held that an employer that both funds the plan and evaluates the claims is operating under a conflict of interest, since "'every dollar provided in the plan is a dollar spent by . . . the employer; and every dollar saved . . . is a dollar in [the employer's] pocket.'" *Id.*, 128 S. Ct. at 2348 (quoting *Bruch v. Firestone Tire & Rubber Co.*, 828 F.2d 134, 144 (3rd Cir. 1987)). While it noted that the answer to the conflict question was less clear where the plan

administrator is not the employer itself but a professional insurance company, it held that for ERISA purposes a conflict also exists in that situation.  *Id.* at 2349.  It found for one thing that "the employer's own conflict may extend to its selection of an insurance company to administer its plan.  *Id.* at 2349-50.

*Glenn* then turned to "the question of 'how' the conflict it had just identified should 'be taken into account on judicial review of a discretionary benefit determination.'"  *Id.* at 2350 (quotation omitted).  It held that "[i]n doing so, we elucidate what this Court set forth in *Firestone*, namely, that a conflict should 'be weighed as a factor in determining whether there is an abuse of discretion.'"  *Id.* (quoting *Firestone*, 489 U.S. at 115) (internal quotation marks omitted).  It further held that this does not imply a change in the standard of review from deferential to *de novo* review.  *Id.*

*Glenn* did not believe it was "necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict."  *Id.* at 2351.  Instead, it held that "when judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one."  *Id.*  "In such instances, any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance.  The conflict of interest should prove more important where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration.  *Id.*  "It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to

promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits." *Id.*

The Supreme Court found that the underlying decision from the Sixth Circuit was "instructive as it illustrates the combination-of-factors method of review." *Id.* at 2351 (citing *Glenn v. MetLife*, 461 F.3d 660 (6th Cir. 2006)). The record in that case said little about MetLife's efforts to assure accurate claims assessment. *Id.* The Sixth Circuit gave the conflict weight to some degree but its opinion suggests that it would not have found the conflict alone determinative. *Id.* at 2351-52 (citing *Glenn*, 461 F.3d at 666, 674). Instead, the court focused more heavily on other factors. *Id.* at 2352.

In particular, the Sixth Court found questionable the fact that MetLife had encouraged Glenn to argue to the Social Security Administration that she could do no work, received the bulk of the benefits of her success in doing so (the remainder going to the lawyers it recommended), and then ignored the agency's finding in concluding that Glenn could in fact do sedentary work. *Id.* (citing *Glenn*, 461 F.3d at 666-669.) The Supreme Court found that "this course of events was not only an important factor in its own right (because it suggested procedural unreasonableness), but also would have justified the court in giving more weight to the conflict (because MetLife's seemingly inconsistent positions were both financially advantageous)." *Id.* "And the court also observed that MetLife had emphasized a certain medical report that favored a denial of benefits, had deemphasized certain other reports that suggested a contrary conclusion, and had failed to provide its independent vocational and medical experts with all of the relevant evidence." *Id.* (citing *Glenn*, 461 F.3d at 669-674). All these concerns, taken

together with some degree of conflicting interests on MetLife's part, led the court to set aside MetLife's discretionary decision. *Id.* (citing *id.* at 674-675). The Supreme Court found nothing improper in the way in which the Sixth Circuit conducted its review. *Id.*

In this case, after having considered both the Sixth Circuit's and the Supreme Court's decision in *Glenn*, I find that these decisions do not require me to reverse the decision of the administrator and order the award of benefits as argued by Plaintiff. I found in my Final Order that the administrator had a conflict of interest in that it is both the claims administrator and the insurer and evaluated that conflict under a less deferential standard. This is consistent with *Glenn*. In so doing, I required the administrator to bear the burden of proving the reasonableness of its decision pursuant to this court's traditional arbitrary and capricious standard in accordance with Tenth Circuit law. *See* Final Order on Review of Administrative Record filed July 21, 2008, at 7. It appears that this burden of proof would no longer be proper under *Glenn*. Nonetheless, it shows that I took the conflict of interest seriously and that I took a hard look at the evidence and arguments presented by the parties to ensure that the decision was a reasoned application of the terms of the plan, untainted by the conflict of interest. *Id.*

I believe that I complied with the spirit, if not the letter, of *Glenn* in that I took account of the conflict of interest in addition to other factors I found important. These factors included the decision by the administrator to give weight to the decision of Dr. Lieberman which I found to be unreasonable in certain respects, the fact that the administrator may have required objective findings to support the diagnosis of fibromyalgia and that it may have rejected the findings of Plaintiff's treating physicians

because they were based on Plaintiff's subjective complaints, and that the administrator improperly disregarded the functional/capacity evaluations in the case and the findings of the treating physicians which gave support to those evaluations.

Nonetheless, I agree with Plaintiff that the Social Security Administration's decision should have been properly considered by the administrator and that it may not have been. Thus, I grant the Stipulated Motion for Reconsideration and/or Relief from Order Pursuant to Rule 60(b)(6) in part on this issue, finding that the decision of the Social Security Administration must be reassessed on remand taking into account the holding by both the Sixth Circuit and Supreme Court in *Glenn*. As in *Glenn*, Plaintiff was given the name of a law firm specializing in social security disability benefits and Plaintiff asserted in her Opening Brief that she was asked to apply for such benefits. She applied for social security benefits per Defendants' request and was ultimately found to be disabled by the Social Security Administration. As a result, the administrator was not allowed to ignore the agency's finding in concluding that Plaintiff could in fact work, as *Glenn* found that this suggests procedural unreasonableness in that the administrator's positions on this issue are to its financial advantage.

Finally, I address Plaintiff's request that I clarify the scope of the remand. As stated in my Final Order on Review of Administrative Record, the case was remanded to the administrator so that it could make further findings. The Order did not clarify the procedures to be followed on remand. Such procedures are unclear, as ERISA does not appear to contemplate a remand or discuss any procedures that would be followed if a further review by a claims administrator is ordered. However, the Tenth Circuit recently addressed this issue by directing the administrator to take new evidence should

the plaintiff wish to submit same. *DeGrado v. Jefferson Pilot Financial Ins. Co.*, 451 F.3d 1161, 1176 (10th Cir. 2006) (quoting *Buffonge v. Prudential Ins. Co. of America*, 426 F.3d 20, 32 (1st Cir. 2005)).

I find that *DeGrado* is instructive and order that Plaintiff is allowed on remand to submit additional information to the administrator before a decision is made if she so wishes. Further, while I do not set a specific time limit for a new decision to be made on remand, I direct that the administrator's timing in connection with its decision must be reasonable. Accordingly, the Stipulated Motion for Reconsideration and/or for Relief from Judgment is also granted as to this issue, *i.e.*, the scope of remand.

Based upon the foregoing, it is

ORDERED that the Stipulated Motion for Reconsideration and/or for Relief from Order Pursuant to Rule 60(b)(6) is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is **GRANTED** to the extent that this Order now requires that the decision of the Social Security Administration be reconsidered on remand in accordance with the *Glenn* decision and to the extent that the scope of the remand has been clarified. It is **DENIED** in all other respects. It is

FURTHER ORDERED that the Final Order on Review of Administrative Record filed July 21, 2008 is **AMENDED** consistent with this Order.

Dated: January 13, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge